CLERK'S COPY

FILED
AT ALBUQUERQUE NM

FEB 1 5 2000

ROBERT M. MARCH
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LESLIE DOTSON,

      Applicant,

v.

                                   No. CIV-98-1350 MV/RLP

CHARLES CRANDELL, et al.,

      Respondents.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court to consider Applicant's Motion to Set Aside Memorandum Opinion and Order of Dismissal (Doc. #7) filed March 17, 1999. The order (Doc. #6), which was entered February 22, 1999, dismissed Applicant's application for writ of habeas corpus without prejudice for failure to exhaust state court remedies. The motion was filed more than ten days after entry of the order and is thus construed under Fed.R.Civ.P. 60(b)(6). *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Applicant also seeks appointment of counsel.

The motion asserts a number of grounds to support Applicant's claim that he is illegally confined. In summary, Applicant claims that transferring prisoners to private institutions violates the Constitution, that rulings of this and other courts have been retaliatory and have denied Applicant access to the courts, and that requiring exhaustion of state court remedies would be futile. These arguments amount to nothing more than disagreements with the Court's original order. "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice," *Cashner*, 98 F.3d at 579, and "it is an abuse of discretion to grant relief where no basis for that relief exists." *Id.* at 580. "[R]evisiting the issues already addressed . . . and



'advanc[ing] new arguments or supporting facts which were otherwise available . . .' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *and see Wharry-Jordan v. Dep't of Corrections*, No. 95-6396, 1997 WL 43517, at ** 1 (10th Cir. 1997) ("assert[ing] general mistakes of law [is] suitable to a Rule 59(e) motion or to a direct appeal"). The motion presents no manifest errors of law or new evidence and will therefore be denied.

IT IS THEREFORE ORDERED that Applicant's Motion to Set Aside Memorandum Opinion and Order of Dismissal (Doc. #7) filed March 17, 1999, is DENIED.

UNITED STATES DISTRICT JUDGE